IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CR-09-223-PHX-NVW |
| v. | ) | |
| | ) | FINDINGS AND |
| Seryan Gevorgyan, | ) | RECOMMENDATION OF THE |
| | ) | MAGISTRATE JUDGE UPON A |
| Defendant. | ) | PLEA OF GUILTY AND ORDER |

TO: THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE.

Upon defendant's request to enter a plea of guilty pursuant to Rule 11 of the Federal Rules of Criminal Procedure, this matter came on for hearing before U.S. Magistrate Judge Michelle H. Burns on February 27, 2009, with the written consents of the defendant, counsel for the defendant, and counsel for the United States of America.

The Magistrate Judge accepted defendant's waiver of indictment after inquiry was made of the defendant as to the understanding of the right to prosecution by indictment. Defendant's written waiver constitutes a part of the plea agreement that has previously been lodged with the Court. Thereafter, the matter came on for a hearing on defendant's plea of guilty in full compliance with Rule 11, Federal Rules of Criminal Procedure, before the Magistrate Judge in open court and on the record.

In consideration of that hearing and the statements made by the defendant under oath on the record and in the presence of counsel, and the remarks of the Assistant United States Attorney and of counsel for defendant,

(A) I FIND as follows:

(1) that defendant understands the nature of the charge to which defendant pleads

and the elements of the offense to which is pleading guilty;

(2) that defendant understands the right to trial by jury, to persist in a plea of not guilty, to the assistance of counsel at trial, to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination;

(3) that defendant understands what the maximum possible sentence is, including the effect of the supervised release term, and defendant understands that the sentencing guidelines are advisory only and that the Court may depart from those guidelines under some circumstances;

(4) that the plea of guilty by the defendant has been knowingly and voluntarily made and is not the result of force or threats or of promises apart from the plea agreement between the parties;

(5) that defendant is competent to plead guilty;

(6) that the defendant understands that answers given by defendant may later be used in a prosecution for perjury or false statement;

(7)  that the defendant understands that by pleading guilty the defendant is waiving the right to a jury trial.

(8) that the defendant understands the terms of any plea agreement provisions waiving the right to appeal or to collaterally attack the sentence and has knowingly, intentionally and voluntarily waived those rights; and,

(9) that there is a factual basis for the defendant's plea; and further,

(B)  **I RECOMMEND** that the plea of guilty to the Information be accepted subject to the Court's acceptance of the plea agreement which shall remain lodged with the Court pending Judge Wake's decision whether to accept or reject the plea agreement after review of the presentence report.

///

///

**O R D E R**

**IT IS ORDERED** that any objection to the guilty plea proceedings and any request(s) for supplementation of those proceedings be made by the parties in writing and shall be specific as to the objection(s) or request(s) made. All objections or requests for supplementation shall be filed within ten (10) days of the date of service of a copy of these findings unless extended by an Order of the assigned district judge.

**IT IS FURTHER ORDERED** that all character letters defendant would like the sentencing judge to read and consider before pronouncing sentence (including the translation of any documents from Spanish to English) must be submitted in paper form with the original to the probation office and copies to the sentencing judge and opposing counsel no later than seven (7) business days prior to the sentencing date or they may be deemed untimely by the sentencing judge and not therefore considered. (ECF Manual, II § N at 24)

**IT IS FURTHER ORDERED** that any motions for upward departure, downward departure and sentencing memoranda must be filed, at least, seven (7) business days prior to the sentencing date. Responses are due three (3) business days prior to the sentencing date. Any motion to continue shall be filed, at least, three (3) business days prior to the sentencing date.

DATED this 3rd day of March, 2009.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge